**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

CARLOS WINSTON DE MONTAGNAC,  )
                                             )
           Petitioner,         )
                                             )
                                             )
           v.             )     Civil A. No. 3:26-1251
                                             )     Judge Nora Barry Fischer
LEONARD ODDO, et al.,          )
                                             )
          Respondents.    )

**<u>MEMORANDUM ORDER</u>**

Presently before the Court are Petitioner Carlos Winston De Montagnac's Petition for Writ of Habeas Corpus, (Docket No. 1), and the Response to Petition for Writ of Habeas Corpus filed by Respondents, (Docket No. 5). Petitioner, a 67-year-old native of Jamaica, is currently detained at Moshannon Valley Processing Center. (Docket No. 1 at ¶¶ 1, 6, 23). He reportedly entered the United States illegally as a child, never returned to Jamaica, and now has extensive ties in this country. (*Id*. at ¶¶ 1, 24-25, 53, 67). He was convicted of disorderly conduct and possessing drugs in the 1980's but has no recent criminal convictions. (*Id*. at ¶ 26).

On February 25, 2026, Petitioner was arrested by ICE agents and transferred to Moshannon, where he remains in custody. (Docket No. 1 at ¶¶ 1, 27). Petitioner applied for adjustment of status but was ordered removed and has appealed that decision to the Board of Immigration Appeals. (*Id*. at ¶¶ 1, 28).

Petitioner asserts that he is subject to discretionary detention pursuant to 8 U.S.C. § 1226(a) and not mandatory detention under § 1225(b)(2) and, therefore, is entitled to a bond hearing. (Docket No. 1). In opposition, Respondents contend that this is a *Hurtado* case whereby Petitioner entered the United States without inspection and was later arrested in the interior of the United

- 1 -

States.  (Docket No. 5 at 2).  Respondents admit that Petitioner is being held in mandatory detention pursuant to § 1225(b)(2) and has not been afforded a bond hearing.  (*Id*.).  Despite acknowledging the prior decisions of Judges on this Court, the Government reaffirms its position that mandatory detention applies and advocates that the Court should follow the decisions from the Courts of Appeals[1] for the Fifth and Eighth Circuits.  (*Id*.).

After careful consideration of the parties' positions, the lack of binding authority from the U.S. Court of Appeals for the Third Circuit and this Court having held that individuals like Petitioner who are arrested and detained in the interior of the United States are not subject to mandatory detention under § 1225(b)(2) and affirmatively joined the Courts of Appeals[2] for the Second, Sixth, Tenth, and Eleventh Circuits, and the vast majority of district courts,[3] for the reasons set forth in this Court's recent decision of *F.B. v. LEONARD ODDO, et al.*, Civ. A. No. 3:26-CV-717, 2026 WL 1265352, at *2 (W.D. Pa. May 8, 2026) (Fischer, S.J.), the Court now holds that Petitioner's detention is governed by § 1226(a) and he has a statutory right to an individualized bond hearing. Hence, the Court will order Respondents to conduct a bond hearing pursuant to the directives below.

AND NOW, this 14th day of July, 2026,

---

[1]       *See Avila v. Bondi*, 2026 WL 819258 (8th Cir. 2026); *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

[2]       *See e.g., Hernandez Alvarez v. Warden, Fed. Detention Center, Miami*, 2026 WL 1243395 (11th Cir. May 6, 2026); *Cunha v. Freden*, 2026 WL 1146044 (2d Cir. Apr. 28, 2026); *Lopez-Campos, et al. v. Kevin Raycraft, Immigr. & Customs Enf't, Acting Dir. of Detroit Field Off., Enf't & Removal Operations, et al.*, Appeal No. 25-1965, 2026 WL 1283891, at *11 (6th Cir. May 11, 2026); *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *1 (10th Cir. June 30, 2026); *see also Castañon-Nava v. U.S. Dep't of Homeland Sec. ("Castañon-Nava I")*, 161 F.4th 1048 (7th Cir. 2025); *Castañon-Nava v. U.S. Dep't of Homeland Sec. ("Castañon-Nava II")*, 2026 WL 1223250 (7th Cir. May 5, 2026).

[3]       *See e.g., Cifuentes Alvarez v. Noem*, 2026 WL 545382 (W.D. Pa. Feb. 26, 2026) (Ranjan, J.); *Calzado Diaz v. Noem*, 2025 WL 3628480 (W.D. Pa. Dec. 15, 2025) (Haines, J.).

IT IS HEREBY ORDERED that Petitioner's Petition for Writ of Habeas Corpus [1] is GRANTED, IN PART and DENIED, IN PART.  Said Petition is granted to the extent that Petitioner seeks an individualized bond hearing;

IT IS FURTHER ORDERED that within ten (10) days of this Order, Petitioner must receive an individualized bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226;

IT IS FURTHER ORDERED that within seven (7) days thereafter, Respondents shall provide notice to the Court of the outcome of the bond hearing;

IT IS FURTHER ORDERED that the Petition is DENIED, without prejudice, to the extent he requests additional relief beyond an individualized bond hearing; and,

An appropriate Judgment follows.

BY THE COURT:

*s/Nora Barry Fischer*
Nora Barry Fischer, Senior U.S. District Judge

cc/ecf: counsel of record

- 3 -